# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JAMES H. DILLINGHAM III,** | CASE NO. 7:15CV00188 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| **EUGENE PAUL MURPHY,** | By: Norman K. Moon |
| | United States District Judge |
| Defendant. | |

James H. Dillingham III, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 against Defendant Paul Eugene Murphy, an attorney. Liberally construing Dillingham's submission, he alleges that Murphy "defrauded the Federal Courts into denying [Dillingham's] undisputed facially strong constitutional claim of ineffective ass[istance] of counsel," thus "knowingly disregarding the risk to [his] liberty."[1] "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" and "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915A(a)-(b)(1). Upon review of Dillingham's complaint, I conclude that he has not stated facts supporting any actionable claim against the defendant under § 1983 claim. For that reason, I will dismiss this case without prejudice.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). When liberally construed, the complaint must offer more "than an

---

[1] Dillingham titles his submission "Notice of Intent" to file a § 1983 action about prison conditions. Because no such notice is required to file a § 1983 action, the court construed and docketed the submission as a civil rights complaint under § 1983.

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Dillingham's complaint does not state any factual matter on which the court could construe an actionable § 1983 claim against the defendant. His complaint is composed entirely of conclusory assertions and legal conclusions, with no stated facts concerning conduct undertaken by the defendant in violation of his rights. Accordingly, I conclude that Dillingham's submissions do not state any claim of constitutional significance actionable under § 1983. *Id.* Therefore, I will dismiss the complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim.

ENTER: This  22nd  day of June, 2015.

                                                                     NORMAN K. MOON
                                                                     UNITED STATES DISTRICT JUDGE