# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JAMES H. DILLINGHAM III**, | )<br>) Case No. 7:15CV00188 |
| Plaintiff, | )<br>) |
| v. | ) **ORDER**<br>)<br>) |
| **EUGENE P. MURPHY, ET AL.**, | ) By: Norman K. Moon<br>) United States District Judge |
| Defendant(s). | )<br>) |

James H. Dillingham III filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant, Paul Eugene Murphy, provided ineffective assistance of counsel in disregard to the risk to Dillingham's liberty. Dillingham titled his submission "Notice of Intent" to file a § 1983. Because no such notice is required to file a § 1983 action, the court construed and docketed the submission as a § 1983 complaint. By opinion and order entered June 22, 2015, I summarily dismissed the action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), because Dillingham's submission failed to provide facts stating any actionable claim under § 1983. Dillingham has now submitted a letter, seeking reinstatement of the case, or in the alternative, an extension of the applicable statute of limitations until after his release from prison.[1] I will construe this submission as a motion for reinstatement of the action, but I conclude that such a motion has no merit.

---

[1] Dillingham also asks me to issue an order in this case directing state officials to allow his children to visit him in prison. He offers no indication, however, that the defendant named in this case has any authority related to his prison visitation privileges.

Dillingham states that he is still in the process of exhausting his "state remedies" and needs more time to submit his claims in this court.[2] Because the case was dismissed without prejudice, he remains free to file a new pleading to raise his claims in a separate case, once he is fully prepared to do so. Moreover, in that new pleading, Dillingham can state his request for tolling of the applicable statute of limitations and provide specific facts showing that he is entitled to such extraordinary relief. Finding no good cause, it is now **ORDERED** that Dillingham's letter/motion seeking reinstatement (ECF No. 12) is **DENIED**.

**ENTER:** This __8th__ day of July, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] To the extent that Dillingham is challenging the validity of his current confinement based on Murphy's alleged ineffective assistance, he must pursue his claim in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, rather than in a § 1983 civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).